NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

---

SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

---

PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )    2:12-CR-00281-JAD-CWH<br>)<br>) |
| RICHARD S. NEISWONGER, | )<br>) |
| Defendant. | )<br>)<br>) |

## STIPULATION TO CONTINUE SENTENCING
### (Sixteenth Request)

**IT IS HEREBY STIPULATED AND AGREED** by and among Dayle Elieson, United States Attorney ("USA"), John Patrick Burns, Assistant United States Attorney ("AUSA"), Solomon L. Wisenberg, Esq., and Peter Angulo, Esq., attorneys for Defendant Richard C.

Neiswonger, that the sentencing currently scheduled for October 15, 2018, be vacated and continued until October 29, 2018, or a date thereafter convenient to the Court.

The Stipulation is entered into for the following reasons:

1. This is the sixteenth request to continue Mr. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on September 26, 2012 (Docket Entry 22) and was granted by the Court that same day (Docket Entry 22). The second request was made through stipulation of the parties on June 7, 2013 (Docket Entry 24) and was granted by the Court on June 7, 2013 (Docket Entry 25). The third request was made through stipulation of the parties on September 25, 2013 (Docket Entry 26) and was granted by the Court on September 26, 2013 (Docket Entry 27). The fourth request was made through stipulation of the parties on December 23, 2013 (Docket Entry 30) and was granted by the Court on December 26, 2013 (Docket Entry 31). The fifth request was made through stipulation of the parties on March 14, 2014 (Docket Entry 32) and was granted by the Court on March 19, 2014 (Docket Entry 33). The sixth request was made through stipulation of the parties on June 18, 2014 (Docket Entry 41) and was granted by the Court on June 18, 2014 (Docket Entry 42). The seventh request was made through stipulation of the parties on December 4, 2014 (Docket Entry 43) and was granted by the Court on December 9, 2014 (Docket Entry 46). The eighth request was made through stipulation of the parties on May 15, 2015 (Docket Entry 48) and was granted by the Court on May 18, 2015 (Docket Entry 49). The ninth request was made through stipulation of the parties on October 12, 2015 (Docket Entry 50) and was granted by the Court on October 13, 2015 (Docket Entry 51). The tenth request was made through stipulation of the parties on March 9, 2016 (Docket Entry 52) and was granted by the Court on the same day (Docket Entry 53). The eleventh request was made by stipulation

of the parties on December 12, 2016 (Docket Entry 66) and was granted by the Court on the same day (Docket Entry 67). The twelfth request was made by stipulation of the parties on June 19, 2017 (Docket Entry 68) and was granted by the Court on the same day (Docket Entry 69). The thirteenth request was made by stipulation of the parties on December 19, 2017 (Docket Entry 76) and was granted by the Court on the same day (Docket Entry 77). The fourteenth request was made by stipulation of the parties on March 26, 2018 (Docket Entry 80) and was granted by the Court on the same day (Docket Entry 81). The fifteenth request was made by stipulation of the parties on July 2, 2018 (Docket Entry 82) and was granted by the Court on July 6, 2018 (Docket Entry 83).

2. The additional time requested herein is not sought for purposes of delay.

3. The two-week continuance is requested by Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, due to family-related issues. Accordingly, additional time is requested to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger, including his full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. This is also true with respect to Case Number 2:11-CR-00247-JAD-CWH, which is related to the instant matter and is currently set for sentencing on the same date. Mr. Wisenberg represents Mr. Neiswonger in Case Number 2:11-CR-00247-JAD-CWH and will be filing a Stipulation to Continue Sentencing in Case Number 2:11-CR-00247-JAD-CWH as well. Continuing the sentencing in both cases will conserve judicial, prosecutorial, and defense resources.

4. For the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until October 29, 2018 or a date thereafter convenient to the Court.

**DATED** this 24th day of September, 2018.

DAYLE ELIESON
UNITED STATES ATTORNEY


      /s/
_____
JOHN PATRICK BURNS
Assistant United States Attorney
501 Las Vegas Boulevard S., Suite 1100
Las Vegas, Nevada 89101
Attorneys for Plaintiff
UNITED STATES OF AMERICA


NELSON, MULLINS, RILEY & SCARBOROUGH, LLP

      /s/
_____
SOLOMON L. WISENBERG
DC Bar No. 464867
101 Constitution Avenue, N.W., Suite 900
Washington, D.C. 20001
Attorney for Defendants (Pro Hac Vice)
*NEISWONGER*


OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI

      /s/
_____
PETER M. ANGULO, ESQ.
9050 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorney for Defendants (Associated Counsel)
*NEISWONGER*

# FINDINGS OF FACT

Based upon the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. This is the sixteenth request to continue Mr. Neiswonger's sentencing in this matter. The first request was made through stipulation of the parties on September 26, 2012 (Docket Entry 22) and was granted by the Court that same day (Docket Entry 22). The second request was made through stipulation of the parties on June 7, 2013 (Docket Entry 24) and was granted by the Court on June 7, 2013 (Docket Entry 25). The third request was made through stipulation of the parties on September 25, 2013 (Docket Entry 26) and was granted by the Court on September 26, 2013 (Docket Entry 27). The fourth request was made through stipulation of the parties on December 23, 2013 (Docket Entry 30) and was granted by the Court on December 26, 2013 (Docket Entry 31). The fifth request was made through stipulation of the parties on March 14, 2014 (Docket Entry 32) and was granted by the Court on March 19, 2014 (Docket Entry 33). The sixth request was made through stipulation of the parties on June 18, 2014 (Docket Entry 41) and was granted by the Court on June 18, 2014 (Docket Entry 42). The seventh request was made through stipulation of the parties on December 4, 2014 (Docket Entry 43) and was granted by the Court on December 9, 2014 (Docket Entry 46). The eighth request was made through stipulation of the parties on May 15, 2015 (Docket Entry 48) and was granted by the Court on May 18, 2015 (Docket Entry 49). The ninth request was made through stipulation of the parties on October 12, 2015 (Docket Entry 50) and was granted by the Court on October 13, 2015 (Docket Entry 51). The tenth request was made through stipulation of the parties on March 9, 2016 (Docket Entry 52) and was granted by the Court on the same day (Docket Entry 53). The eleventh request was made by stipulation

of the parties on December 12, 2016 (Docket Entry 66) and was granted by the Court on the same day (Docket Entry 67). The twelfth request was made by stipulation of the parties on June 19, 2017 (Docket Entry 68) and was granted by the Court on the same day (Docket Entry 69). The thirteenth request was made by stipulation of the parties on December 19, 2017 (Docket Entry 76) and was granted by the Court on the same day (Docket Entry 77). The fourteenth request was made by stipulation of the parties on March 26, 2018 (Docket Entry 80) and was granted by the Court on the same day (Docket Entry 81). The fifteenth request was made by stipulation of the parties on July 2, 2018 (Docket Entry 82) and was granted by the Court on July 6, 2018 (Docket Entry 83).

2. The additional time requested herein is not sought for purposes of delay.

3. The two-week continuance is requested by Mr. Neiswonger's lead counsel, Solomon L. Wisenberg, due to family-related issues. Accordingly, additional time is requested to investigate all of the sentencing factors contained in 18 U.S.C. §§ 3553(a) and 3661, particularly the nature and circumstances of the offense and the history and characteristics of Mr. Neiswonger, including his full cooperation, so that he can prepare a Sentencing Memorandum and otherwise effectively represent Mr. Neiswonger at the Sentencing Hearing pursuant to the Sixth Amendment. Continuing the sentencing in both cases will conserve judicial, prosecutorial, and defense resources.

## **CONCLUSIONS OF LAW**

1. For the above stated reasons, the ends of justice would best be served by a continuance of the sentencing date until October 29, 2018, or a date thereafter convenient to the Court.

## ORDER

**IT IS HEREBY ORDERED** that the sentencing currently scheduled for October 15, 2018, be vacated and continued to October 29, 2018, at the hour of 10:00 a.m. Counsel is cautioned that any further requests for a continuance will likely not be granted unless under extreme circumstances.

DATED this 26th day of September, 2018.

_____
UNITED STATES DISTRICT JUDGE